IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUSAN GUINN,

        Plaintiff,

v.                                     CIVIL ACTION NO.  2:12-cv-01121

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
(Plaintiff's Motion for Partial Summary Judgment)

Pending before the court is Plaintiff Susan Guinn's Motion for Partial Summary Judgment [ECF No. 81]. As set forth below, the plaintiff's Motion is **GRANTED**.

I.   **Background**

This action involves a West Virginia plaintiff who was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B. Choice of Law

The parties agree, as does this court, that Ohio law applies to the plaintiff's claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiff originally filed this action in the United States District Court for the Western District of Missouri. Compl. [ECF No. 1]. Thus, the choice-of-law

principles of Missouri guide this court's choice-of-law analysis.

Missouri follows the "most significant relationship" test, as outlined in section 145 of the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969). Section 145 directs courts to consider four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile of the parties, and (d) the place where the parties' relationship is centered." *Nelson v. Hall,* 684 S.W.3d 350, 351–52 (Mo. Ct. App. 1984) (quoting Restatement (Second) of Conflict of Laws § 145 (1971)). Here, the implantation surgery that allegedly resulted in Ms. Olson's injuries took place in Ohio. While Ms. Guinn is a West Virginia resident, she also worked in Ohio and received medical care for her alleged injuries in Ohio. Moreover, both parties agree that Ohio is the proper choice of law. Accordingly, Ohio's substantive law governs the plaintiff's case.

### III. Analysis

Ms. Guinn argues she is entitled to summary judgment because an identified number of Ethicon's affirmative defenses are without evidentiary or legal support. Specifically, Ms. Guinn challenges defenses 42, 45, 51, 66, and 77.

#### A. Conceded Claims

Ethicon concedes the following affirmative defenses: 42, 45, 51, 66, and 77. Accordingly, the plaintiff's Motion regarding those claims is **GRANTED**.

IV. Conclusion

For the reasons discussed above, it is **ORDERED** that the plaintiff's Motion for Partial Summary Judgment [ECF No. 81] is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 3, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE